FILED
2016 Sep-30 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

VINCENT GUNTER,

    PLAINTIFF,

V.                         CIVIL ACTION NO.

LEE BRASS FOUNDRY, LLC,

    DEFENDANT.

## COMPLAINT

### I.    JURISDICTION

1.    This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et* seq., and pursuant to the Alabama Age Discrimination in Employment Act (AADEA). District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure protection for and to redress the deprivation of rights secured by the FLSA, and AADEA providing for injunctive and other relief.

### II.    PARTIES

2.    Plaintiff, Vincent Gunter, hereinafter "Plaintiff," is a citizen of the United States, and a resident of Munford, Talladega County, Alabama. Plaintiff is employed by Defendant.

1

3.      Defendant, LEE BRASS FOUNDRY, LLC (hereinafter "Defendant"), is registered and does business in the State of Alabama and has sufficient minimum contacts with the State of Alabama that it is subject to service of process in Alabama.  Defendant is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

## III.   STATEMENT OF THE FACTS

4.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 3 above.

5.      Defendant hired Plaintiff on May 25, 1995

6.      Defendant employed Plaintiff as a machine operator.

7.      Plaintiff performed his job duties in a competent or better manner throughout his employment with Defendant.

8.      Defendant terminated Plaintiff on August 28, 2016.

## IV.   COUNT ONE - FLSA – Overtime violations

9.      Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 8 above.

10.     At all times during the employment relationship, Defendant classified Plaintiff as an hourly paid, non-exempt employee.

11.     Plaintiff's last rate of pay was $13.05 per hour.

12.     Plaintiff's shift hours were 4:00 a.m. to 2:30 p.m., four days per week.

2

13.    Plaintiff typically arrived to work at 3:50 a.m. and clocked-in.

14.    After clocking-in, Plaintiff donned protective gear to perform his job duties, but Defendant did not pay Plaintiff until the scheduled start of his shift which was 4:00 a.m.

15.    Upon completion of Plaintiff donning the required safety gear, he immediately went to his work station and commenced work for the benefit of Defendant. Plaintiff commenced this work with Defendant's management having full and completed knowledge that Plaintiff commenced work prior to the beginning of his scheduled shift start time of 4:00 a.m.

16.    Following the conclusion of Plaintiff's work day at approximately 2:30 p.m., Plaintiff undressed, doffing his protective clothing and storing it in his locker at Defendant's work location, all off-the-clock, but with the knowledge of Defendant's management.

17.    Defendant's actions in failing to ensure that Plaintiff was fully compensated for all hours worked in excess of forty in a work week at one and one-half times his regular hourly rate of pay was a willful and intentional violation of the FLSA.

18.    As a result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

3

## V.   COUNT TWO – Alabama Age Discrimination in Employment Act

19.   Plaintiff hereby incorporates by reference each of the allegations contained in paragrapsh 1 through 18 above.

20.   Plaintiff is 62 years old.

21.   Prior to his termination of employment, Defendant issued Plaintiff only two write-ups.

22.   Defendant issued the first write-up to Plaintiff approximately two years ago when Plaintiff called another employee a "butthole."

23.   Apporixmately three months after Defendant issued Plaintiff the first write-up, Defendant issued Plaintiff a second write-up for using the term "boy" in a conversation with a young person.

24.   In August 2016, a co-worker, Jimmy Hinton (40s) asked Plaintiff how to tie a slip knot so he could catch himself in case he fell from a tree stand during hunting season.  Plaintiff showed Hinton how to tie a knot.

25.   Hinton told Plaintiff that Plaintiff did not tie the knot the way he wanted and Hinton walked away and out of Plaintiff's sight.

26.   Upon information and belief, after Hinton walked away from Plaintiff and out of Plaintiff's sight, Hinton tied a knot that a black female co-worker Liz (LNU) viewed and interpreted to appear to look like a hangman's noose.

27.   Liz yelled out "racist," and, apparently, reported Hinton to

4

Defendant's Human Resources (HR) department.

28.    Defendant suspended Plaintiff and Hinton even though Hinton admitted he alone tied the knot.

29.    Plaintiff made it clear to Defendant's HR Director, Trone Truss, and to Plaintiff's supervisor, Scott (LNU) that Plaintiff had done nothing.

30.    Approximately a week later, Truss and Scott (LNU) allowed Hinton to return to his job, but Truss and Scott (LNU) terminated Plaintiff's employment.

31.    Plaintiff appealed to Defendant's Plant Manager, Bob (LNU), but without success as Plaintiff's termination was upheld.

32.    Hinton was guilty of whatever claimed offense Defendant used to terminate Plaintiff's employment, wheras Plaintiff was not guilty of the alleged misconduct and there was no evidence that Plaintiff did anything wrong.

33.    Defendant engaged in discriminatory treatment over the incident, as Defendant terminated Plaitniff and did not terminate the substantially younger Hinton.

34.    In violation of the Alabama Age in Discrimination Act, but for Plaintiff's age, Defendant would not have terminated Plaintiff's employment.

35.    As a result of Defendant's violation of the AADEA, Plaintiff has been damaged, suffering loss of pay.

## VI.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays for the following relief:

A.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the Defendant and at the Defendant's request from continuing to violate the terms of the FLSA, and AADEA;

B.    Enter an Order requiring the Defendant to make Plaintiff whole by awarding her back pay, front pay, compensatory damages, punitive damages, nominal damages, special damages, and liquidated damages;

C.    Attorneys' fees and costs;

D.    Plaintiff requests that the Court award Plaintiff equitable relief pursuant to 28 U.S.C. § 2201 and 29 U.S.C. § 216(b) that the actions of Defendant are violative of the law; and,

E.    Any different or additional relief as may be determined by the Court to which Plaintiff is entitled.

_____
DAVID R. ARENDALL

_____
ALLEN D. ARNOLD

6

OF COUNSEL:
ARENDALL & ARNOLD
2018 Morris Avenue, Third Floor
Birmingham, Alabama 35203
(205) 252-1550 – Office
(205) 252-1556 – Facsimile


DEFENDANT'S ADDRESS:

Lee Brass Foundry, LLC
c/o Agent for Service of Process
C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104